UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-CR-0081 KJM |
| Plaintiff, | |
| v. | ORDER |
| NANCY PHILLIPS, | |
| Defendant. | |

Defendant moves to revoke the magistrate judge's March 24, 2020 detention order in light of the increased health risks the coronavirus ("COVID-19") poses to incarcerated persons including herself. Defendant is charged with conspiracy to distribute and possess with intent to distribute methamphetamine and heroin in violation of 21 U.S.C. §§ 846, 841(a)(1). The court has determined this matter is suitable for decision without a hearing and submits it on the papers. Having thoroughly considered the motions, briefs and ongoing developments affecting incarcerated defendants, including the defendant here, the court DENIES defendant's motion.

I.  BACKGROUND

On May 9, 2019, the grand jury returned a thirteen-count indictment charging four people, including defendant Nancy Phillips, with, among other things, conspiracy to distribute and possess with intent to distribute methamphetamine and heroin in violation of 21 U.S.C. §§ 846, 841(a)(1). Indictment, ECF No. 1. On June 5, 2019, the government recorded a

1

1  *lis pendens* with the Sacramento County Recorder against defendant's real property.  Lis Pendens,
2  ECF. No. 23.
3  　　　　Defendant was arrested on October 6, 2019, ECF No. 39, and on October 7, 2019,
4  she was arraigned and entered a plea of not guilty.  ECF No. 33.  At the October 11 detention
5  hearing, the duty magistrate judge denied defendant's release.  Detention Order, ECF No. 41.  On
6  March 19, 2020, defendant filed a motion for bail review before the duty magistrate judge, a
7  different judge than the judge who originally denied release.  ECF No. 63.  Defendant also filed a
8  supplemental brief with exhibits referencing the COVID-19 public health emergency.  ECF No.
9  64-3.  The magistrate judge held a hearing on March 24, 2020.  At the hearing, and after
10 consideration of the arguments heard, this magistrate judge denied defendant's motion, ECF No.
11 66.  *See* Hr'g Tr., ECF No. 71.  The magistrate judge held the COVID-19 virus does not establish
12 a legal basis to release defendant based on defendant's criminal history over the last 15 years.
13 Hr'g Tr., at 7.  Moreover, the magistrate judge found the reasons for the original detention
14 determination remain unchanged.  *Id.* at 8.  The court reporters have filed transcripts of both the
15 original detention hearing and the hearing on the motion for bail review on the court's docket.
16 *See* ECF Nos. 71, 73.
17 　　　　On March 27, 2020, defendant moved to revoke the magistrate judge's March 24,
18 2020 order.  Mot., ECF No. 68.  With her motion, defendant's counsel included exhibits,
19 including a declaration from a friend offering to serve as third party custodian.  Cynthia O' Reilly
20 Decl., Ex. 3, ECF No. 68-3, at 2–3.  This same declaration was before the magistrate judge.  *See*
21 Hr'g Tr. at 9:11–22.  The government timely opposed.  Opp'n, ECF No. 72.  The court took the
22 matter under submission for resolution by written order and resolves the motion here.
23 II.　　LEGAL STANDARD
24 　　　　A person "ordered detained by a magistrate judge, or by a person other than a
25 judge of a court having original jurisdiction over the offense and other than a Federal appellate
26 court . . . may file, with the court having original jurisdiction over the offense, a motion for
27 revocation or amendment of the order.  The motion shall be determined promptly."  18 U.S.C.
28 § 3145(b).  Under this provision, the district court conducts its own de novo review of the

magistrate judge's detention order. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). Under the proper de novo review, the district court "should review the evidence before the magistrate [judge] and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193. "[T]he district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence is offered that was not before the magistrate [judge]." *Id.*

As the magistrate judge memorialized in the original detention order, Detention Order at 2, the Bail Reform Act imposes a presumption against pretrial release for defendants charged with serious narcotics offenses, as defendant is here. *See United States v. Moore*, 607 F. Supp. 489, 497 (N.D. Cal. 1985). "Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 3142(e)(3)(A). However, "the government may not rest solely on the rebuttable presumption to support its motion to detain a defendant pending trial." *Moore*, 607 F. Supp. at 498. The government "retains the burden throughout the proceeding to show by clear and convincing evidence that no condition or combination of conditions would reasonably assure defendant's appearance at trial or the safety of the community." *Id.* at 497. Moreover, "the Government must establish risk of flight by a clear preponderance of the evidence, not by the higher standard of clear and convincing evidence." *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). Also, "[a] finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing 18 U.S.C. § 3142(f)(2)(B)). Here, the government argues both flight risk and danger and requests the court affirm the magistrate judge's denial of defendant's motion to reconsider her detention. Opp'n at 15.

Finally, 18 U.S.C. § 3142(g) specifies the various factors to be considered by the court in determining whether conditions of release may be imposed that will reasonably assure

the appearance of the person. The court must take into account available information concerning the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, including her character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, record concerning appearance at court proceedings, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g) (1984). The weight of the evidence has the least force in the court's analysis, in recognition of the presumption of innocence that attaches to defendant at the pretrial stage of a criminal proceeding. *Bell v. Wolfish*, 441 U.S. 520, 533 (1979); 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence.").

III. DISCUSSION

Having determined both the applicable standard of review and the proper burden of proof, the court finds on the current record the government has demonstrated by clear and convincing evidence that no condition or combination of conditions will reasonably assure defendant's appearance, nor adequately ensure the safety of the community as required. *See* 18 U.S.C. § 3142(g).

Defendant contends the court's 18 U.S.C. § 3142 detention analysis requires consideration of the impact of the COVID-19 pandemic on jails, inmates, health resources and the public. Mot. at 3. Specifically, defendant argues she should be released because the pandemic provides a "compelling reason" for release under 18 U.S.C. § 3142(i) and, on balance, she is a low-risk, nonviolent detainee, and she and society would be safer if she were confined at home rather than in prison. *Id*.

A. Traditional 3142 Factors

While the court does not underestimate the seriousness of COVID-19, particularly if recommended public health measures are not implemented, it disagrees that the balance of applicable factors tilts in defendant's favor here. Probable cause supports finding that defendant conspired to possess with intent to distribute over 500 grams of heroin, facing a mandatory

1  sentence of ten years in prison.  Indictment at 1; *see* Opp'n at 2.  Thus, the statutory presumption
2  against release is present in this case.  Moreover, defendant does not present any particularized
3  evidence about a medical condition that renders her particularly vulnerable to COVID-19.
4  Instead, defendant identifies only a wrist abnormality.  *See* Mem. for Bail Rev. Ex. E (Sample X-
5  Ray of Disfigured Wrist), ECF No. 64-5, at 46.  This evidence, without more, is insufficient to
6  demonstrate a compelling reason exists for her immediate release.
7          On balance, as explained below, most of the factors identified in § 3142(g) point
8  toward the conclusion defendant should not be released.  In particular, the § 3142(g) factors
9  including the need for adequate deterrence and the need to protect the public from further crimes
10 of the defendant weigh against defendant.  Given defendant's extensive criminal history and
11 supervised release status at the time of the alleged offenses, and her residence being subject to
12 forfeiture in this prosecution, her case is not materially distinguishable from that of *United States*
13 *v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md., March 17, 2020), cited by defendant
14 in support of her motion for immediate release.  There, the court denied the release of a defendant
15 with an extensive criminal history in part because "[w]hen placed on community or court
16 supervision, [defendant] violated his release conditions, and was on court supervision at the time
17 of the conduct currently charged in this case."  *Id*. at *4.  Here, as in *Martin*, defendant was
18 "subject to a term of court-ordered probation when she committed the serious drug offenses in
19 this case."  Opp'n at 9, 11 (pointing to criminal case filed Dec. 4, 2014 in Napa County Superior
20 Court, in which defendant was sentenced to 1 day jail and 3 years' probation).  Moreover, the
21 government reasonably points out that "asking a Pretrial Services Officer in the current
22 environment to monitor someone of [defendant's] criminal pedigree amounts to an impossible
23 task."  *Id*.  Thus, the court finds applicable § 3142(g) factors including the need for adequate
24 deterrence and the need to protect the public from further crimes of the defendant do not weigh in
25 favor of defendant.
26      B.    COVID a "Compelling Reason" Under 3142(i)?
27          Statutory text included in § 3142(i) provides a court may temporarily release a
28 detained defendant not only if "such release is necessary for preparation of the person's defense,"

but also "for another compelling reason." *See* 18 U.S.C. § 3142(i).[1]  Defendant relies here on both, the "compelling reason" provision, pointing to her medical condition and on the preparation of her defense.  Mot. at 9–10.  She bears the burden of establishing circumstances warranting temporary release pending trial under both prongs of § 3142(i). *See United States v. Terrone*, No. 319CR00058RCJCLB, 2020 WL 1844793, at *4 (D. Nev. Apr. 10, 2020); *United States of Am. v. Ryan*, No. 2:19-CR-756-JAK, 2020 WL 1861662, at *2 (C.D. Cal. Apr. 14, 2020) (noting defendant must show "that h[er] medical condition presents 'compelling reasons' for temporary release" under § 3142(i)).

As an initial matter, the court notes that while the government is correct Pretrial Services is not making home visits, the court does not weigh that circumstance against defendant in assessing the totality of the record before it.

1.  Medical Conditions Providing "Another Compelling Reason"?

A defendant's serious medical condition may in fact qualify as a "compelling reason" warranting release.  *See United States v. Gonzalez*, No. 18-CR-1536155, 2020 WL 1536155, at *3 (E.D. Wash. Mar. 31, 2020) (approving compassionate release in light of COVID-19 where defendant "is in the most susceptible age category (over 60 years of age) and her COPD and emphysema make her particularly vulnerable"); *United States v. Hernandez*, No. 18-CR-834, 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020) (finding "extraordinary and compelling reasons" to reduce the defendant's sentence due to defendant's asthma and the "heightened medical risk presented to [the defendant] by the COVID-19 pandemic").  However, "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release," notwithstanding the seriousness of the COVID-19 pandemic.  *Riley v. United States*, No. C19-1522 JLR, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020) (quoting *United States v. Ayon-Nunez*, No. 1:16-CR-00130-DAD, 2020 WL 704785, at *2–*3 (E.D. Cal. Feb. 12, 2020)).

---

[1] "The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i)(4).

6

Here, defendant argues she is particularly susceptible to contracting coronavirus because she has a wrist abnormality that is likely to require surgery in the near future, she is 59 years old and she has a history of drug abuse. Mot. at 9. Specifically, defendant argues, "[i]f she remains in jail [she] risks becoming exposed to the virus, exposing others, and unnecessarily risks taxing the health care services in jail." *Id*. In opposition, the government observes defendant does not claim to be infected with COVID-19 and makes no claim that she has been denied necessary medical treatment or care for exposure to COVID-19 or for any other medical condition. Opp'n at 14 (citing *United States v. Kidder*, 869 F.2d 1328, 1331 (9th Cir. 1989) (to prevail on Eighth Amendment claim regarding avoiding prison due to medical condition, defendant "must show that *no* constitutionally acceptable treatment can be provided while he is imprisoned") (emphasis in original)). While recognizing that COVID-19 can be asymptomatic and that many questions remain unanswered about its transmission, potential recurrence and reliable testing for its presence, the court concludes that defendant has not provided information to support the conclusion her medical condition is a compelling reason warranting her release, even if only temporary for the duration of the COVID-19 pandemic.

### 2. Release Necessary to Prepare Defense?

Defense counsel also argues that preparing a defense in this case has become increasingly difficult due to the "stay-home-orders, the limited attorney visitation abilities, the recommendation by the Office of the Federal Defender not to conduct in-person client visits in jail, and the limited work schedules of defense attorneys with pre-school and school-aged children who must now stay at home and care for their little ones," as is the case for defense counsel here. Mot. at 10. Here as well, while the court is sympathetic to the challenges posed by the current shelter-in-place circumstances, it notes that courts routinely have rejected temporary release under § 3142(i) for preparation of a defense alone. This court itself has recently explained that, "Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel." *United States v. Yandell*, No. 19-CR-00107-KJM, 2019 WL 5587291, at *2 (E.D. Cal. Oct. 30, 2019) (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983) (citation omitted)). "The Sixth

1  Amendment does not guarantee a meaningful relationship with counsel." *Yandell*, *supra*, at *2
2  (citing *Morris*, 461 U.S. at 13–14).  Although this court issued the decision in *Yandell* prior to the
3  COVID-19 outbreak, the government argues persuasively that the same precedent on which the
4  court relied then remains relevant to deciding whether to provide the extraordinary remedy
5  defendant requests here.  Opp'n at 13.

6       Defense counsel does not argue that his ability to represent defendant is
7  completely impeded.  Moreover, there are no pressing matters pending, and Speedy Trial Act
8  time is currently excluded through June 22, 2020.  Minute Order, ECF No. 76.  On the record
9  before it, the court finds defendant has not met her burden of demonstrating a compelling reason
10 necessitates her release under 18 U.S.C. § 3142(i).  Nothing before the court warrants revocation
11 of the magistrate judge's original detention order.

12 IV.   CONCLUSION

13      The motion is DENIED.  Defendant's request to advance hearing of her motion to
14 revoke is DENIED as MOOT.

15      This order resolves ECF No. 68 and ECF No. 74.

16      IT IS SO ORDERED.

17 DATED:  April 30, 2020.

19      CHIEF UNITED STATES DISTRICT JUDGE